The PEOPLE of the State of Colorado,
Petitioner–Appellant,

In the INTEREST OF M.K.M.,
Respondent–Appellee.

No. 87CA1244.

Colorado Court of Appeals,
Div. IV.

Nov. 17, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Carolyn Lievers, Asst. Atty. Gen., Denver, for petitioner-appellant.

Robert Freeman, Pueblo, for respondent-appellee.

TURSI, Judge.

The People appeal the denial of a petition seeking a court order forcing M.K.M., respondent, to undergo electroconvulsive therapy (ECT). We affirm.

Respondent was committed to the Colorado State Hospital after being certified for long-term care. He suffers from a severe form of manic-depressive illness which has proven unresponsive to extensive drug therapy. Respondent's doctors at the State Hospital believe ECT is the only treatment that will put his steadily deteriorating condition into remission. However, respondent has refused ECT treatment. This impasse led to the filing of the petition here at issue.

I

Initially, we address respondent's contention that the trial court was without subject matter jurisdiction in this matter. We disagree and find that the trial court was vested with jurisdiction to hear the petition at issue. *See* § 13–20–401(2), C.R.S. (1987 Repl.Vol. 6A); § 27–10–111(4), C.R.S. (1982 Repl.Vol. 11); § 27–10–111(5) and § 27–10–125(1) & (2), C.R.S. (1988 Cum. Supp.).

## II

The People contend that the trial court's denial of the petition for court-ordered ECT was arbitrary. We disagree.

The trial court found guidance in *People v. Medina,* 705 P.2d 961 (Colo.1985). There, the supreme court determined that an involuntarily committed and incompetent mental patient does not have an absolute right to refuse anti-psychotic drug therapy. However, before a court may order the administration of medication to an unconsenting patient in a non-emergency situation, a full and fair advisory hearing must be conducted.

At such hearing, the court must be satisfied by clear and convincing evidence that: (1) the patient is incompetent to participate effectively in the treatment decision; (2) the treatment requested is necessary to prevent a significant and likely long-term deterioration in the patient's mental condition or to prevent the likelihood of the patient causing serious harm to himself or others in the institution; (3) a less intrusive treatment alternative is not available; and (4) the patient's need for treatment by anti-psychotic medication is sufficiently compelling to override any *bona fide* and legitimate interest of the patient in refusing treatment. *People v. Medina, supra.*

Although ECT is generally considered to be more intrusive than drug therapy, the trial court's reliance on the *Medina* criteria in ruling on the petition was appropriate. Other jurisdictions have imposed similar or even less stringent restrictions on a court's ability to order forced ECT. *See generally In re Schuler,* 106 Wash.2d 500, 723 P.2d 1103 (1986) (applying a strict due-process analysis to state action in derogation of a patient's right to refuse ECT); *Lillian F. v. Superior Court,* 160 Cal.App.3d 314, 206 Cal.Rptr 603 (1st Dist.1984) (requiring proof of patient's incapacity to consent to ECT by clear and convincing evidence); *Price v. Sheppard,* 307 Minn. 250, 239 N.W.2d 905 (1976) (requiring a court to balance the patient's need for ECT treatment against its intrusiveness).

In this case, the trial court found clear and convincing evidence of respondent's inability to participate in the treatment decision. The court also determined that a less intrusive alternative to ECT other than drug therapies, which to date had been unsuccessful, was unavailable, and that without ECT the respondent's prognosis was very grim.

However, even though the trial court entered the foregoing findings, it denied the petition because it concluded that the evidence submitted was unclear with respect to the form of ECT proposed, the nature of the procedures to be used, and the complete risks and benefits associated with it. In so doing, the trial court followed § 13–20–401, C.R.S. (1987 Repl.Vol. 6A) which requires that specific information be included in an informed consent to voluntary ECT. While we agree that § 13–20–401 is relevant to petitions for forced ECT, the statute itself instructs that the rules and regulations adopted by the Department of Institutions under § 27–10–101, et seq., are to control the care and treatment of a mentally ill person.

Department of Institutions Regulation, 2 Code Colo.Reg. 502–1(V–A–4), governs treatment of the mentally ill. Under the regulation, ECT is defined as a specific therapy. Before a specific therapy may be administered, the regulation requires that there must either be a court order or the execution of an informed consent by the patient or his guardian. An informed consent must contain among other information: (1) a fair explanation of the proposed specific therapy including identification of experimental elements in the treatment, if any; (2) the anticipated benefit; (3) the common discomforts, side effects, and risks associated, if any; (4) the probable consequences if the treatment is not permitted to proceed; (5) the availability of appropriate alternative treatment, if any, and its probable consequences.

We conclude that, when a court substitutes its judgment for that of an incompetent patient, it is entitled to the same information as would be conveyed in an informed consent. After a review of the record, we perceive no abuse of discre-

tion in the trial court's finding that the People have failed to establish, by clear and convincing evidence, under either the foregoing regulation or § 13–20–401, the need for the proposed type of ECT with its attendant risks as compared to continued treatment with drugs.

The trial court's denial of the petition is affirmed.

METZGER and FISCHBACH, JJ., concur.